# UNITED STATES DISTRICT COURT FOR THE Western District of North Carolina

| | |
|---|---|
| **Craig Cunningham, Pro-se** <br> Plaintiff, <br><br> v. <br><br> **Pelican Investment Holdings Group, LLC, DBA AAP, Autoguard Advantage Corporation, Dimension Service Corporation, Sing for Service, LLC dba MEPCO, Lexington National Insurance Corporation and Vajira Samararatne and John/Jane Does 1-5** <br><br> Defendants | §§§§§§§§§§§ <br><br> **3:23-cv-0238-FDW-SCR** <br> District Judge Frank Whitney <br> Magistrate Susan C. Rodiguez |

## PLAINTIFF'S Emergency Motion to Quash subpoena and Motion for a Protective Order

1. To the honorable US District Court:

2. The Plaintiff hereby moves to quash 2 subpoenas that were improperly and in bad faith issued by counsel for the Defendants Aaron Lay and Braiden Rose. The first subpoena was issued on or about July 14th 2023 and are listed as Exhibit A to this motion.

3. A second subpoena was issued on or about July 18th according to an email dated July 18th 2023. See Exhibit B to this motion.

4. At no time were either of these subpoenas filed with the court.

5. At no time has the Plaintiff or any of the parties conducted a 26f Conference and the

parties haven't even submitted a scheduling order, nor has one been issued by the court.

## DISCOVERY HAS NOT BEGAN IN THIS CASE AND ANY SUBPOEANS ISSUED WOULD BE PREMATURE AND IMPROPER

6. As there is no scheduling order present, all discovery is prohibited at this point and any attempts to circumvent the local rules and FRCP regarding discovery would be improper and premature.

7. Multiple Courts have ruled that subpoeans issued per Rule 45 are subject to the rules and limitations in the discovery process and that any attempts to circumvent the discovery process are improper and sanctionable conduct.

8. See the supporting case of Fabery v Mid-South OB-GYN PLLC Western District of Tenneseee 06-2136 attached as Exhibit C to this motion.[1]

## SERVICE OF THE SUBPOEANS WAS IMPROPER AS PLAINTIFF WAS NEVER GIVEN A REASONABLE NOTICE AND OPPORTUNITY TO RESPOND, THUS ANY RESPONSE TO THE SUBPOENAS WOULD BE IMPROPERLY OBTAINED INFORMATION

9. Plaintiff was not served properly with these subpoenas and the subpoenas arrived in the mail several days AFTER the requested documents were already provided to Aaron Lay an Braden Rose.

10. Plaintiff was sent a subpoena on July 18th 2023 and the documents were produced apparently 1-2 days later, as Plaintff recieved an unprofessional, taunting, and harassing call from Braden Rose on July 20th 2023 indicating he had obtained the Plaitniff's private and sensitive information to include his social security number, date

---

[1] See Ex C.

of birth, financials, rental history, and other confidential information. 2 days is an unreasonably short timeframe to respond to subpoenas and no information should have been produced that quickly.

11. Plaintiff never had a reasonable, statutorily required opportunity to contest the subpoenas per rule 45, even if the subpoenas were properly issued and if discovery had actually begun.

12. Per FRCP 45(d)(1) the subpoenas are improper as the issuing parties have not taken reasonable steps to prevent undue burden or expense on the Plaintiff subject to this subpoena.

13. The subpoenas were knowingly issued in bad faith and for the purpose of harassment and without the commencement of discovery. Furthermore, the subpoeans didn't grant a reasonable timeframe for responding as they were issued on July 18th and sought production a mere 6 days later on July 24th. 6 days is similarly an unreasonably short and improper timeframe for the Plaintiff to respond to a subpoena that may have arrived just days earlier in the mail. Courts generally afford 3 days for mailing, which means the Plaintiff had at best 3 days before the documents were to be produced via the requested deadline in the subpoena of July 24th. Plaintiff notes that 2 of these days July 21st and 22nd were weekends as well, again artifically shortening the time for the Plaintiff to respond by another 2 days.

14. This is an unreasonably short timeframe to respond and again is an indication that the defendants sought to make an end run and preclude the Plaintiff from properly responding to this subpoena before the counsel for the defendants could obtain the Plaintiff's personal and sensitive financial information. 30 days would be a

reasonable timeframe to respond, presuming discovery had acttually commenced and the Plaintiff were afforded a proper notice and opportunity to respond or contest the subpoenas.

15. **The Actions of Brian Kuzinar, Creek Lane Capital, LLC, 650 Stonewall, LLC, and GREP Southeast, LLC dba Greystar violated the FRCP and Plaintiff's rights under FRCP 45 and the requirements of Local rule 26**

16. These entities provided the Plaintiff's confidential and sensitive personal information without so much as notifying the Plaintiff they had recieved a subpoena concerning him and giving the Plaintiff an opportunity to respond. Plaintff never recieved any notice from the property owner, managemnet firm, or any of these entities who held the Plaintiff's confidential and personal sensitive information and had a duty of care to safeguard and protect this information per Federal and State law and to notify the Plaintiff of any subpoeas relating to this information and grant the Plaintiff a reasonable opportunity to respond and contest the subpoean.

17. Instead these entites sent the Plaintiff's information, never consulted with an attorney, never provided the Plaintiff wtih any notice regarding the subpoena, nor did they provide the Plaintiff with a reasonable opportunity and time frame to quash the subpoena.

18. **PLAINTIFF WAS NEVER SERVED WITH A NOTICE BY THE RESPONDING PARTIES THAT THEY HAD RECIEVED A SUBPOENA ISSUED REGARDING HIM OR GRANTING PLAINTIFF AN OPPORTUNITY TO CONTEST OR EVEN RESPOND BEFORE DOCUMENTS WERE PRODUCED**

19. The subpoenas were issued apparently on or about July 14th and again on July 18th by Aaron Lay.[2]
20. Of note, these subpoeans were not filed with the court or served properly upon the Plaintiff. Plaintiff has not consented to service via email, nor were these subpoenas filed with the court notifying the court that these were issued.
21. Plaintiff has not been served with a copy of the produced information by either Attorney's Aaron Lay or Braden rose or the producing parties Creek Lane Capital, 650 Stonewall, LLC, or GREP Southeast, LLC DBA Greystar.
22. Furthermore, Brian Kuzniar acting on behalf of Creek Lane Capital and Tanesisha Haynes acting on behalf of 650 Stonewall, LLC have improperly disclosed the Plaintiff's confidential, sensitive and protected personal information without being served a proper subpoena, consulting an attorney regarding the validity of the subpoena, or even informing the Plaintiff regarding the Subpoena.
23. Brian Kuzniar and Creek Lane Capital at no point notified the Plaintiff that they had recieved a subpoena relating to the Plaintiff, nor did they provide the Plaintiff with a reasonable opportunity to object or contest the validity of the subpoena prior to issuing the Plaintiff's confidential information to Aaron Lay
24. Taneisha haynes acting on behalf of 650 Stonwall, LLC and GREP Southeast, LLC DBA Greystar and was apparently emailed the defective subpoena and she improperly and without consulting a lawyer sent the Plaintiff's confidential and personal information to Aaron Lay and Braiden Rose apparently a <u>mere 2 days</u> after being emailed the documents from Aaron Lay on or about July 20th 2023.

**Defendant's subpoenas are defective on their face and should not have been**

---

[2] See Ex A Subpoena and email dated July 14th and subpoena and email dated July 18th

complied with.

25. Per the local rules and FRCP 26, discovery can not occur until a scheduling conference has taken place. Per local rules in this district, discovery can only begin after the issuance of a scheduling order and none have been issued in this case.[3] See LR 26.1 :

### LCvR 26.1 COMMENCEMENT OF DISCOVERY

*"Subject to the exception for Rule 34 requests as set forth in Fed. R. Civ. P. 26(d)(2), official. Court-enforceable discovery does not commence until issuance of the Scheduling Order. While parties are encouraged to engage in consensual discovery before such period and up to trial, the Court will only enforce discovery that is conducted within the context of the Scheduling Order or where leave is granted in accordance with LCvR 16.1(f)."*

26. Plaintiff notes that no leave was sought or granted per Local rule 16.1(f) either, which would grant early discovery in this case, per LR 16.1(f)[4]

27. The subpoenas were improperly issued as well as they were never filed with the court indicating a bad faith attempt to circumvent the court's supervision, federal and local rules governing discovery process. On this basis alone, the subpoenas were improerly submitted, defective on their face and premature.

28. None of the parties have even so much as had a 26f scheduling conference or exchanged initial disclosures. Plaintiff has not so much as even talked to Aaron Lay or Braden Rose until July 20th 2023, when Plaintiff recieved an unprofessional and harassing call from Braden Rose taunting the Plaintiff and claiming "I gotcha" all the

---

[3] See local rule 26.1 "
[4] See Local rule 16.1(f)

while Braden Rose, a licensed attorney subject to the ethical rules and discipline by the courtrefused to identify himself on the phone and subjcted the Plaintiff to a harassing and unprofesional tirade worthy of a middle school school yard taunts.

29. Call recordings are included in a USB drive to the court and a transcript of the calls is included as an exhibit to this motion. Plaintiff also included a call recording with Brian Kuzinar regarding the calls indicating he never sought an attorney's counsel and merely ordered the Plaintiff's confidential information to be produced.

30. Plaintiff called the previously unknown number back and identifed Braden Rose as the calling and harassing party who then continued to make some vague and unspecified claims that they were going to get the Plaintiff sanctioned by the court and confirmed he had improperly recieved the Plaintiff's rental history and some other documents that the Plaintiff has never seen, much less had an opportunity to contest via subpoena.

31. Plaintiff to date has still not seen what documents were produced improperly by Greystar, 650stonewall, LLC, Creek Lane Capital, LLC and the responding individuals.

32. Apparently the Plaintiff had less than 2 days to recieve the notice of the subpoena via mail and contest it before the documents were provided to the requesting attorney from July 18th to July 19th or 20th when he recieved the offending and unprofessional call from Braden Rose.

33. Defendants in this case knowingly issued a subpoena prematurely only to harass the Plaintiff and invade his privacy to make an end run around discovery and in violation of FRCP 45 and local rule 26 to illegally and improperly oobtain confidential,

sensitive personal financial information and personally identifiable information, such as the Plaintiff's social security number, date of birth, and financials, without any possible relevancy to this case.

**Defendant's Subpoenas should be quashed per FRCP 45(d)(3)**

34. Per FRCP 45(d)(3)(A) the subpoena doesn't permit a reasonable or adequate time for the Plaintiff to be notified and even object as they set a deadline of a mere 6 days for responding after service. 30 days is the minimum time to respond to a subpoena and even at this point, such a timeframe has not elapsed.

35. The subpoena requires compliance outside of the geographical limits of FRCP 45(c). The subpoena was issued to 650 Stonewall, LLC in Chicago, Illinois per Brian Kuzniar who resides in the Chicago area. Defendants were seeking records in Charlotte, NC hundreds of miles away, exceeding the 100 mile radius per FRCP 45(c)(1) and is again defective on its face.

36. The subpoena seeks privileged, confidential, and frankly is overly broad as written and seeks to intrusively invade the Plaintiff's privacy and confidential financial records, personally identifiable information, such as his Social security number, date of birth in a case that relates to illegal robocalls of which there is ample proof filed with the original complaint as exhibit A which details at least one call and a car warranty pamphlet that was sent to the Plaintiff in Charlotte, NC.

37. Evidence of the Plaintiff's rental history, social security number, or date of birth aren't going to make any more or less robocalls happen in this case, nor is this information possibly relevant to the claims or defenses of any parties in this case.

38. If the defendant's in good faith wanted to confirm the Plaintiff's address, they could

simply look at the document they mailed to the Plaintiff or obtain this information through the normal discovery process with a request for production. Instead, they sought to circumvent the discovery process and needlessly harass the Plaintiff with an improper and bad faith subpoena.

## PLAINTIFF REQUEST AN IMMEDIATE PROTECTIVE ORDER REGARDING ALL DOCUMENTS OBTAINED VIA SUBPOENA

39. Plaintiff hereby requests an immediate protective order from the use, dissemination, or posession of the information produced as a result of the subpoena.

40. Plaintiff requests the court order an injunction against the use or posession of the documents in question. All documents should be destroyed, returned and Plaintiff requests an emergency hearing on this issue regarding a protective order and motion to quash via telephone as soon as reasonably possible. PER FRCP 45(e)(2) Plaintiff is claiming the documents are confidential information that has been improperly sought and obtained by the Defendants in this case before the commencement of discovery, without granting the Plaintiff a fair opportunity to object or move to quash and were obtained for the purpose of bad faith and harassment. The documents should be immediately destroyed and prevented from any use by the Defendants.

**Plaintiff hereby requests the court quash the subpoeans issued by Aaron Lay in full**

41. Plaintiff hereby requests the court issue an order quashing the subpoenas in full. The subpoeas were improperly issued in an attempt to illegally and improperly circumvent the discovery process. The subpoenas were not served upon the Plantiff properly, nor did they grant the Plaintiff a reasonably opportunity to respond. The conduct of the attorney's in this case indicate their bad faith motive in sending the subpoeans by

calling and harassing and taunting the Plaintiff once they obtained the Plaintiff's sensitive and confidential information improperly and illegally.

**This is simply an abusive and harassing use of the discovery process and should not be tolerated.**

42. Counsel for Defendants Aaron Lay and Braden Rose should be held in contempt and sanctioned for their bad faith misconduct in this case.

43. Counsel for the defendants and all the parties that were served with the subpoenas should be held in contempt and sanctioned for their conduct in this case and for improperly issuing subpoeans and their subsequent abuse of the discovery process and willful disregarding of the rules reagarding proper notices and use of subpoeas.

### Conclusion

44. Counsel for the defendants should be held in contempt for their abuses of the discovery process.

45. The court should quash the subpoena and order all documents destroyed and precluded from any use by the Defendants.

46. The Defendant's subpoenas should be quashed.

47. The producing parties should also be held in contempt and sanctioned for producing the Plaintiff's confidential information without a proper subpoena and without granting the Plaintiff an opportunity to respond.

*[signature]*

**Craig Cunningham, Plaintiff, *Pro Se***
3000 Custer Road, Ste 270-206
Plano, Tx 75075
615-348-1977

| | |
|---|---|
| Craig Cunningham, Pro-se<br>    Plaintiff,<br><br>v.<br><br>Pelican Investment Holdings Group, LLC, DBA AAP, Autoguard Advantage Corporation, Dimension Service Corporation, Sing for Service, LLC dba MEPCO, Lexington National Insurance Corporation and Vajira Samararatne and John/Jane Does 1-5<br><br>    Defendants | §<br>§<br>§<br>§<br>§ 3:23-cv-0238-FDW-SCR<br>§ District Judge Frank Whitney<br>§ Magistrate Susan C. Rodiguez<br>§<br>§<br>§ |

**PLAINTIFF'S Certificate of Service**

I hereby certify a true copy of the foregoing was served upon the defendants and subpoena parties via ECF.

*[signature]*

**Craig Cunningham, Plaintiff,** *Pro Se*
3000 Custer Road, Ste 270-206
Plano, Tx 75075
615-348-1977