IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00238-FDW-SCR

| | |
|---|---|
| **CRAIG CUNNINGHAM,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**AUTOGUARD ADVANTAGE** )<br>**CORPORATION, et. al.,** )<br>)<br>**Defendants.** ) | **ORDER** |

    **THIS MATTER** is before the Court on pro se Plaintiff's "Emergency Motion to Quash Subpoena and Motion for a Protective Order" (Doc. No. 20), and Defendants' "Response in Opposition …" (Doc. No. 23).

    On July 18, 2023, Defendants Autoguard Advantage Corporation, Dimension Service Corporation, and Lexington National Insurance Corporation served a subpoena on 650 Stonewall, LLC., Plaintiff's landlord. (Doc. No. 20-2). They served a copy on Plaintiff. (Doc. No. 20-3). The subpoena called for production of documents on or before July 24, 2023. 650 Stonewall, LLC produced the documents on July 20, 2023. (Doc. No. 23 at 4). Defendants did not produce copies of the documents to Plaintiff until August 2, 2023. (Id.)

    Defendants argue that Plaintiff's Motion should be denied as untimely and moot. (Doc. No. 23 at 5). Rule 45(d)(3)(A) requires a "timely motion" for the court to quash or modify a subpoena. Fed. R. Civ. P. 45(d)(3)(A). "It is well settled that, to be timely, a Motion to quash a subpoena must be made prior to the return date of the subpoena." Laschkewitsch v. Lincoln Life & Annuity Distribs., Inc., No. 5:13-CV-315-BO, 2014 WL 1159923, at *1 (E.D.N.C. Mar. 21,

1

2014) (quoting Est. of Ungar v. Palestinian Auth., 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006)). See, e.g., United States v. Debolt, Case No. 5:09CR24, 2010 WL 11698240, at *1 (N.D.W. Va. Aug. 5, 2010) (dismissing motion to quash subpoena as moot when information had already been turned over to the defendant).

Plaintiff seeks an order quashing the subpoena, compelling destruction of the documents, and holding defense counsel in contempt and imposing sanctions. He argues that the parties have not conducted the Rule 26(f) conference and that a Pretrial Order and Case Management Plan has not been entered. (Doc. No. 20 at 1-2). Plaintiff further argues that six days was an unreasonable response time, preventing him from being able to file his Motion prior to production. (Id. at 8.)

In their brief, Defendants state that:

> [They] concede that under Rule 26(d)(1), proper discovery procedure provides that parties are not to "seek discovery from any source before the parties have conferred as required by Rule 26(f). Fed. R. Civ. P. 26(d)(1). Given Plaintiff's lack of participation in his case, and the jurisdictional questions present, Defendants proceeded to investigate Plaintiff's allegations. Doing so without first seeking an Order from this Court was an inadvertent oversight on behalf of Defendants.

(Doc. No. 23 at 3).

Moreover, Local Civil Rule 26.1 provides that "official Court-enforceable discovery does not commence until issuance of the Scheduling Order" and "the Court will only enforce discovery that is conducted within the context of the Scheduling Order or where leave is granted in accordance with LCvR 16.1(f)." LCvR 26.1 (emphasis added).

Defendants have neither moved for leave to conduct early discovery under LCvR 16.1(f), nor have they presented a sufficient reason for commencement of early discovery. The Court therefore finds good cause has not been shown.

Nevertheless, the documents having been produced, and the Motion to Quash is denied as moot. The question then is what is an appropriate remedy, and the Court finds a Protective Order

is warranted.  The Court concludes in its discretion that at this point in the proceedings destruction of the documents and requiring Defendants to re-request the documents once discovery commences is sufficient.  <u>The Court warns Defendants' counsel, however, that future disregard of the Court's Orders, the Local Rules and the Rules of Civil Procedure may result in the imposition of sanctions</u>.

Accordingly, Plaintiff's Motion to Quash and for Protective Order is <u>granted in part</u> and <u>denied in part</u>, as stated below.

**THEREFORE, IT IS HEREBY ORDERED that:**

1. Plaintiff's "Emergency Motion to Quash Subpoena and Motion for a Protective Order" (Doc. No. 20) is **GRANTED IN PART** and **DENIED IN PART**.  The Motion to Quash is denied as moot.  The Motion for Protective Order is granted.

2. Defendants are **ORDERED** to destroy the documents received in response to the subject subpoena. This Order is without prejudice to Defendants' right to request the same or other information from the same or other entities once a Pretrial Order and Case Management Plan has been entered.

3. Defendants are not permitted to engage in other early discovery without leave of Court.

4. Defendants shall neither seek nor accept any additional documents or other information in response to the subject subpoena.

5. The Clerk is directed to send copies of this Order to <u>pro se</u> Plaintiff, to counsel for Defendants, and to the Honorable Frank D. Whitney.

**SO ORDERED**.

Signed: September 1, 2023

Susan C. Rodriguez
United States Magistrate Judge